■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CARDELLE, Appellant. [960 NYS2d 313]—

Judgment, Supreme Court, New York County (Renee A. White, J., at suppression hearing; Jill Konviser, J., at jury trial and sentencing), rendered October 21, 2010, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of the weight to be given the observing officer's admission that an aspect of his initial testimony had been mistaken.

The trial court providently exercised its discretion in permitting the People to introduce rebuttal evidence that responded to evidence introduced by the defense (*see People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983]). Even if the testimony was "not technically of a rebuttal nature," the court had discretion to allow it (CPL 260.30 [7]).

The hearing court properly denied defendant's suppression motion. The court properly determined that the police had reasonable suspicion to detain defendant when, in a drug prone area, an officer saw defendant accept money in return for a small package, and the officer, based on his experience, believed that the package contained drugs (*see e.g. People v Turell*, 248 AD2d 330 [1st Dept 1998], *lv denied* 92 NY2d 862 [1998]). The hearing evidence establishes that there was a brief investigatory detention of defendant (*see People v Hicks*, 68 NY2d 234, 238-239 [1986]), during which time police investigation of the apprehended buyer provided probable cause for defendant's arrest. Concur—Andrias, J.P., Sweeny, Freedman, Feinman and Gische, JJ.